UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-5154-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS** |

At a third hearing in 2021, the ALJ found Plaintiff is disabled as of July 1, 2021 but not disabled before then. Plaintiff appeals the portion of the ALJ's decision finding her not disabled before July 1, 2021 contending the ALJ misevaluated the opinions of John Haroian, Ph.D. and Dan Neims, Ph.D., and erroneously discounted her testimony. Dkt. 12 at 1. The Court finds the ALJ harmfully erred in rejecting the opinions of Drs. Haroian and Neims; that further evaluation of their opinions is unwarranted; and that crediting their opinions as true, Plaintiff is disabled between her 2014 application date and July 1, 2021. The Court accordingly **REVERSES** and **REMANDS** the Commissioner's final decision for calculation of an award of benefits for this closed period of disability. The Court leaves undisturbed the ALJ's finding that Plaintiff is disabled as of July 1, 2021.

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 1

## BACKGROUND

Plaintiff applied for benefits in July 2014 alleging disability as of March 1, 2014. Tr. 163-68. The ALJ conducted a hearing in June 2016, Tr. 31-60, and subsequently found Plaintiff not disabled. Tr. 13-27. Plaintiff sought judicial review and this Court reversed the ALJ's decision and remanded the case for further administrative proceedings. Tr. 761-75. Another ALJ held a hearing in March 2020, Tr. 664-713, and found Plaintiff not disabled. Tr. 631-63. Plaintiff sought judicial review, and this Court granted the parties' stipulation to remand the case for further administrative proceedings. Tr. 2151-54. On remand, the ALJ held a third hearing in November 2021, Tr. 2112-45, consolidated Plaintiff's subsequent benefits applications, and found Plaintiff disabled as of July 1, 2021, but not disabled before that date. Tr. 2081-96. Plaintiff seeks judicial review of the portion of the ALJ's decision finding her not disabled.

## DISCUSSION

The Court applies 20 C.F.R. § 404.1527 and § 416.927 to the ALJ's assessment of medical opinions because Plaintiff applied for benefits before March 27, 2017. The uncontradicted opinion of a treating doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506, n. 4; *Gallant v. Heckler*, 753 F.2d 1450, 1456

(9th Cir. 1984). Plaintiff contends the ALJ misevaluated the opinions of examining psychologists John Haroian, Ph.D., and Dan Neims, Psy.D.

1.   **Dr. Haroian**

Dr. Haroian examined Plaintiff in 2014, Tr. 282-87, and in 2020. Tr. 2429-39. In 2014, Dr. Haroian opined Plaintiff was markedly impaired in her ability to complete a normal workday/workweek and in her ability to set realistic goals and plan independently. Tr. 284. In 2020, Dr. Haroian opined Plaintiff was markedly impaired in almost all of the listed functional abilities. Tr. 2431.

The ALJ rejected Dr. Haroian's 2014 opinion Plaintiff is markedly impaired as inconsistent with his mental status examination (MSE) which noted cooperative behavior, normal speech and thought process, and some retained memory and concentration abilities. The MSE doesn't measure the severity of the two conditions Dr. Haroian diagnosed: Major depressive disorder and generalized anxiety order. Based upon standardized testing Dr. Haroian assessed Plaintiff's anxiety and depression were severe. The MSE findings do not contradict this, and the doctor further noted in the MSE Plaintiff's attitude and affect were anxious and her affect was "inappropriate to topic at time." Tr. 285.

The ALJ also rejected Dr. Haroian's 2014 opinion as "not consistent with the claimant's activities and improvement surround that time" citing Plaintiff's training program at Goodwill, keyboard class, job interviews, attendance at support groups and spending time with friends. Tr. 2092. Plaintiff's attempt to work appear to be failed attempts and a failed work attempt is not a clear and convincing reason to reject a doctor's opinion. *See e.g. Bonnie B. v. Saul*, 2020 WL 7695332 at * 5 (S.D. Cal. Dec. 28, 2020). The ALJ also erred in rejecting Dr. Haroian's opinions based upon Plaintiff's activities. The ALJ's reasoning relies on the notion "disabled" individuals

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 3

1  cannot perform daily activities. This reasoning is inconsistent with the Ninth Circuit's repeated
2  assertion "that the mere fact that a plaintiff has carried on certain daily activities ... does not in
3  any way detract from h[is] credibility as to h[is] overall disability." *Orn v. Astrue,* 495 F.3d 625,
4  639 (9th Cir. 2007). Of course the ALJ can properly discount a doctor's opinion by articulating
5  specific daily activities that contradict the opinion but the ALJ failed to do so here. The ALJ
6  accordingly erred in rejecting Dr. Haroian's 2014 opinion.

7        The ALJ rejected Dr. Haroian's 2020 opinion again finding the marked limitations
8  assessed were inconsistent with the MSE findings, Plaintiff engaged in daily activities with the
9  aid of psychotropic medications, and that Plaintiff "kept busy with puzzles, games and
10 television." Tr. 2093. As discussed above, the MSE findings and Plaintiff's activities are invalid
11 grounds to reject the opinion. The ALJ's notation Plaintiff "showed stability with medication
12 management" implies her functioning improved and is thus inconsistent with Dr. Harorian's
13 opinion. But the doctor noted "medication [Plaintiff] has been prescribed is helpful," but that
14 "she does report significant ongoing PTSD symptoms." Tr. 2430. Dr. Haroian thus opined that
15 even with the benefits of medications, Plaintiff still had marked imitations and still has ongoing
16 symptoms. The ALJ fails to provide a basis to show the doctor is incorrect and accordingly erred
17 in rejecting the opinion.

18     2.   **Dr. Neims**

19       Dr. Neims examined Plaintiff in 2016 and 2018, *See* Tr. 597-616, 1969-83.  Dr. Neims
20 found Plaintiff had marked functional limitations in both examinations. *Id*.  The ALJ rejected Dr.
21 Neims' 2016 opinion, as inconsistent with the doctor's MSE findings that Plaintiff had logical
22 and lucid speech and thought process, normal memory, cooperative demeanor, and no errors in
23 performing serial 3 or 7 calculations. Tr. 2092. These MSE findings don't contradict Dr. Niems'

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 4

diagnosis that Plaintiff has major depressive disorder, chronic PTSD, and unspecified anxiety disorder. And they ignore Dr. Neims' MSE findings Plaintiff's logical and lucid speech was "slowed," her behavior was "passive," her mood was dysphoric and anxious, her affect was restricted, and her insight and judgment were not within normal limits.

The ALJ also rejected Dr. Neims' opinion because Plaintiff could shop for herself, make meals, use public transportation, complete household chores, and attend classes. Tr. 2092. These minimal activities are not contradictory work activities, and as minimal activities of daily living do not contradict Dr, Neims assessment that Plaintiff is markedly limited in her ability to perform work acuities. Otherwise, only the bed-ridden entirely non-functional person would be deemed to be markedly limited.

The ALJ also rejected Dr. Neims'2018 assessment Plaintiff is markedly limited. *See* Tr. 1969.  The ALJ again cited Dr. Neims' MSE findings as to Plaintiff's mostly intact thought process, cooperative demeanor, intact memory, and accurate serial 3 and 7 calculations as inconsistent with the doctor's assessment.  Tr. 1977-79.  However, Dr. Neims' MSE findings also indicate Plaintiff's speech was "slowed and concrete quality," that her behavior was "tentative," her mood was "anxious and dysphoric," her affect was "moderate restriction," her thought process was intact by concrete with aspects of slowed processing and inconsistent attention and concentration, and that Plaintiff's concentration, abstract thought and insight and judgment were "borderline." One cannot reasonably say the MSE findings contract Dr. Neims' assessment that Plaintiff is markedly limited.

The ALJ also relied on evidence of Plaintiff's continued improvement with treatment and increased activities.  Tr. 2093.  As with the ALJ's evaluation of Dr. Haroian's 2020 opinion, the Court finds the ALJ erred in rejecting Dr. Neims' opinions on this basis.

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 5

Plaintiff also argues the ALJ erred in rejecting her testimony. The Court need not resolve this argument because the ALJ's erroneous rejection of the opinions of Drs. Haroian and Neims is harmful and the case must be remanded, regardless of the ALJ's treatment of Plaintiff's testimony. The ALJ notes he gave some weight to Dr. Cohen's reviewing opinion and more weight to Dr. Borton's reviewing opinions, which were more restrictive. Tr. 2093. But the ALJ did not indicate that he was rejecting Drs. Haroian's and Neims' opinions in favor of the reviewing opinions, and even if he did, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506, n. 4; *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Because the ALJ harmfully erred, the Court must address the scope of remand. The Commissioner argues if the case is remanded, the Court should remand for further proceedings because the Commissioner doubts Plaintiff's claim of disability. Plaitniff argues remand for benefits should be ordered. The test the Court applies involves three factors. First, did the ALJ failed to provide legally sufficient reasons to reject evidence. As discussed above, the ALJ failed to do so. Second, are there outstanding issues to resolve. Plaintiff's claim focuses on her functioning during a closed period and evaluations that are between four and eights years old. There are no outstanding issues to resolve. And third, no reasonable factfinder would determine Plaintiff not disabled.

If all three requirements are satisfied, the Court must remand for an award of benefits unless the record as a whole creates serious doubt that the claimant is, in fact, disabled. Here, the ALJ erroneously rejected the opinions of Drs. Haroain and Neims. These opinions establish

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 6

Plaintiff is markedly limited in her ability to perform work. The doctors assessed Plaintiff as unable to complete a normal workday or work week without interruptions from psychologically based systems. No reasonable factfinder would conclude Plaintiff can perform gainful work activity with this level of impairment. The Commissioner argues there are arguments that could be made against a finding of disability if another hearing were conducted. But the Court concludes that after three hearings, remand for further proceedings would not serve a useful purpose Additionally, granting further proceedings in this case would amount to the " heads we win; tails, let's play again' system of disability benefits adjudication" that has been criticized by the Ninth Circuit. *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). The Court accordingly orders the Commissioner's final decision regarding the closed period between 2014 and July 1, 2021 is **REVERSED,** and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for calculation of an award of benefits for that closed period. The ALJ's finding Plaintiff is disabled as a July 1, 2021 is left undisturbed.

DATED this 15th day of August, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION FOR
AWARD OF BENEFITS - 7